UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HMO LOUISIANA INC., ET AL. | CIVIL ACTION |
| VERSUS | NO. 21-522 |
| NARINDER M. GUPTA | SECTION "R" (1) |

## ORDER AND REASONS

Plaintiff, Louisiana Health Service and Indemnity Company and HMO Louisiana, d/b/a Blue Cross and Blue Shield of Louisiana ("BCBSLA"), moves to remand this matter to state court.[1] Defendant, Narinder M. Gupta, M.D., opposes the motion to remand,[2] and separately moves for leave to conduct jurisdictional discovery.[3] Because the Court finds that neither ERISA nor FEHBA completely preempts BCBSLA's claims, and because the discovery defendant seeks would not affect the result, the Court grants BCBSLA's motion to remand, and denies defendant's motion for jurisdictional discovery.

---

[1] R. Doc. 7.
[2] R. Doc. 10.
[3] R. Doc. 12

I.    BACKGROUND

This case arises from Dr. Gupta's allegedly improper billing practices for medical services he performed. BCBSLA alleges that Louisiana Health Service & Indemnity Company is a non-profit mutual insurance company, and that HMO Louisiana is a health maintenance organization ("HMO").[4] Plaintiff alleges that Dr. Gupta, a medical service provider entered into a "Physician Agreement" with BCBSLA.[5] Among other terms, plaintiff contends that Dr. Gupta agreed to comply with certain record-keeping procedures, provide only "medically necessary" services to patients, and refund BCBSLA for any payments based on erroneous or incomplete information, or for services that were not "medically necessary."[6]

On August 25, 2017 and December 13, 2017, BCBSLA allegedly performed an audit on Dr. Gupta's facility.[7] Plaintiff states that it identified numerous issues with Dr. Gupta's practices, including that his records were inadequate, and that he rendered services that were not "medically necessary."[8] Accordingly, on August 15, 2018, pursuant to a provision in the Physician Agreement, BCBSLA alleges that it sent Dr. Gupta a written

---

4    R. Doc. 1-1 at 2, ¶ 1.
5    *Id.* at 2-3, ¶¶ 2-3, 5.
6    *Id.* at 3, ¶ 6.
7    *Id.* at 4, ¶ 9.
8    *Id.* at 4-5, ¶¶ 10-11.

recoupment request, seeking a refund for overpayments totaling $240,222.31.[9] Dr. Gupta allegedly failed to appeal the request within the time allowed under the Physician Agreement.[10] Nevertheless, plaintiff states that Dr. Gupta has failed to tender the full amount owed.[11] Specifically, plaintiff alleges that $226,562.62 remains unpaid.[12]

On January 15, 2021, BCBSLA filed suit in Louisiana state court, asserting claims for: (1) breach of contract,[13] (2) violation of La. Rev. Stat. § 22:1838,[14] (3) detrimental reliance,[15] (4) unjust enrichment,[16] and (5) declaratory relief.[17] On March 12, 2021, Dr. Gupta removed to federal court, contending that the Employer Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. § 8901, *et seq.*, completely preempt plaintiff's claims.[18] Defendant argues that, under ERISA complete

---

[9] *Id.* at 5, ¶ 12.
[10] *Id.* at ¶ 17.
[11] *Id.* at 5-6, ¶¶ 19-20.
[12] *Id.* at 6, ¶ 20.
[13] *Id.* at 6, ¶¶ 21-26.
[14] *Id.* at 6-7, ¶¶ 27-32.
[15] *Id.* at 7, ¶¶ 33-37.
[16] *Id.* at 7-8, ¶¶ 38-39.
[17] *Id.* at 8, ¶¶ 40-41.
[18] R. Doc. 1 at 3-4, ¶¶ 8-9.

preemption doctrine, the Court has federal question jurisdiction under 28 U.S.C. § 1331.

Plaintiff moves to remand on the grounds that neither ERISA nor FEHBA completely preempts its claims, and that the Court therefore lacks jurisdiction.[19] Defendant opposes the motion,[20] and seeks jurisdictional discovery to determine whether plaintiff's claims involve benefit plans covered by ERISA or FEHBA.[21] The Court considers the parties' arguments below.

## II.  LEGAL STANDARD

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Federal district courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

---

[19]  R. Doc. 7.
[20]  R. Doc. 10.
[21]  R. Doc. 12.

Whether a claim arises under federal law must be determined by referring to the "well-pleaded complaint." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983)); *see also Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Under the well-pleaded complaint rule, the federal question must appear on the face of the complaint. *See Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997). Because a defendant may remove a case to federal court only if the plaintiff could have brought the action in federal court from the outset, "the question of removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow*, 478 U.S. at 808 (citation omitted). "[A] defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd.*, 463 U.S. at 10 (emphasis in original). The mere presence of "[a] defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow*, 478 U.S. at 808 (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)); *Franchise Tax Bd.*, 463 U.S. at 12, 13-14. Therefore, federal question jurisdiction does not exist unless the "vindication of a right under state law necessarily turn[s] on some construction of federal law." *Merrell Dow*, 478 U.S. at 809.

There is an exception to the well-pleaded complaint rule "when a federal statute wholly displaces the state-law cause of action through complete preemption." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003) (internal quotation marks omitted)). Removal of such a claim is appropriate because, "'[w]hen the federal statute completely [preempts] the state law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.'" *Id.* (quoting *Beneficial Nat'l Bank*, 539 U.S. at 8); *see also Met. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987) ("Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character."). Even if a complaint does not refer to federal law, a federal statute that completely preempts a field effectively "'recharacterizes' preempted state law claims as 'arising under' federal law for the purposes of making removal available to the defendant." *McClelland*, 155 F.3d at 516; *see also Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 n.7 (5th Cir. 1999).

6

## III. DISCUSSION

### A. ERISA Preemption

ERISA may preempt state law claims in one of two ways. *See Giles*, 172 F.3d at 336 (citing *McClelland*, 155 F.3d at 507), *overruled in part on other grounds by Arana v. Ochsner Health Plan*, 338 F.3d 433, 440 n.11 (5th Cir. 2003). First, it may "occupy a particular field, resulting in complete preemption under [ERISA] § 502(a), 29 U.S.C. § 1132(a)." *Giles*, 172 F.3d at 336 (citing *Met. Life Ins.*, 481 U.S. at 58; *McClelland*, 155 F.3d at 516-17); *see also Arana*, 338 F.3d at 437. "[C]omplete preemption exists when a remedy falls within the scope of or is in direct conflict with ERISA § 502(a), and therefore is within the jurisdiction of federal court." *McGowin v. Man Power Int'l, Inc.*, 363 F.3d 556, 559 (5th Cir. 2004). ERISA § 502(a) provides several causes of action that may be brought by an ERISA plan beneficiary, participant, the Secretary of Labor, or plan administrator or fiduciary. Any state cause of action that seeks the same relief as a cause of action authorized by ERISA § 502(a), "regardless of how artfully pleaded as a state action," is completely preempted. *Giles*, 172 F.3d at 337. But only when ERISA § 502(a) completely preempts a state law claim does it raise a federal question providing a basis for removal jurisdiction. *Giles*, 172 F.3d at 336-37.

The second form of ERISA preemption is known as "ordinary" or "conflict" preemption. It exists when ERISA provides an affirmative defense to state law claims and involves ERISA § 514(a), 29 U.S.C. § 1144(a). *Giles*, 172 F.3d at 337. Section 514(a) provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employer benefit plan." The Fifth Circuit in *Giles* made clear that the existence of conflict preemption under § 514 of ERISA does not create an exception to the well-pleaded complaint rule. "'State law claims [that] fall outside the scope of ERISA's civil enforcement provision § 502, even if preempted by § 514(a), are still governed by the well-pleaded complaint rule and, therefore, are not removable under the complete-preemption principles established in *Metropolitan Life*.'" *Id.* (quoting *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 355 (3d Cir. 1995)); *see also Franchise Tax Board*, 463 U.S. at 23-27 (explaining that even though ERISA § 514(a) may preclude enforcement of a state law claim, removal of a claim that falls outside the scope of ERISA § 502(a) is inappropriate). Thus, the mere presence of conflict preemption does not raise a federal question. Instead of "transmogrifying a state cause of action into a federal one—as occurs with complete preemption—conflict preemption serves as a defense to a state action." *Giles*, 172 F.3d at 337

8

(*citing Soley v. First Nat'l Bank of Commerce*, 923 F.2d 406, 407-08 (5th Cir. 1991)).

In order for a district court to exercise removal jurisdiction, complete preemption must exist. "When the doctrine of complete preemption does not apply, but the plaintiff's state claim is arguably preempted under § 514(a), the district court, being without removal jurisdiction, cannot resolve the dispute regarding preemption." *Id.* State law causes of action are completely preempted by ERISA when: (1) an individual, at some point in time, could have brought the claim under ERISA, and (2) there is no legal duty independent of ERISA or the plan terms that is implicated by the defendant's actions. *Davila*, 542 U.S. at 209-210.

1. *ERISA § 502(a)(1)(B)*

Defendant relies primarily on § 502(a)(1)(B) in support of complete preemption. That section states that a "participant" or "beneficiary" may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . ." 29 U.S.C. § 1132(a)(1)(B). To have standing to bring a claim under § 502(a)(1)(B) a plaintiff must be a "participant" or "beneficiary" of an ERISA plan. 29 U.S.C. § 1132(a)(1)(B). Additionally, the Fifth Circuit has held that a medical provider may have

9

standing to bring a claim under § 502(a)(1)(B)—as a "participant" or "beneficiary"—by virtue of a valid assignment. *Dallas Cty. Hosp. Dist. v. Associates' Health & Welfare Plan*, 293 F.3d 282, 285 (5th Cir. 2002). ERISA defines a "participant" as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). "Beneficiary" means "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

BCBSLA's complaint makes no mention of an ERISA plan. Even assuming, as defendant contends, that some of the medical claims at issue in this suit were made under ERISA plans, it is apparent that BCBSLA is neither a "participant" nor a "beneficiary" of such plans. Instead, BCBSLA states, and defendant does not contest, that it is an insurer that processes, administers, and pays medical claims. Further, defendant does not argue that BCBSLA has standing as the assignee of a participant's or beneficiary's

rights.[22] Because § 502(a)(1)(B) confers a cause of action only on "participants" or "beneficiaries," plaintiff's claims do not fall within the scope of that provision. *See United Healthcare Servs., Inc. v. Sanctuary Surgical Ctr., Inc.*, 5 F. Supp. 3d 1350, 1357 (S.D. Fla. 2014) (stating that "it is apparent that [the insurance company plaintiffs'] claims [seeking recoupment for alleged overpayments] could not originate under Section 502(a)(1)" because the plaintiffs were not participants or beneficiaries); *Horizon Blue Cross Blue Shield of New Jersey v. E. Brunswick Surgery Ctr.*, 623 F. Supp. 2d 568, 574 (D.N.J. 2009) (noting that an insurance company's claims—seeking recoupment of allegedly fraudulently induced payments— "would not originate under section 502(a)(1) of ERISA" because the plaintiff was not a participant nor beneficiary).

    2.    *ERISA § 502(a)(3)*

Defendant also argues that plaintiff's claims fall within the scope of ERISA § 502(a)(3). Section 502(a)(3) provides that a "participant, beneficiary, or fiduciary" may bring a cause of action "(A) to enjoin any act

---

[22]    Dr. Gupta argues that he submitted the medical claims at issue in this suit pursuant to an assignment from patients, some of whom may be participants or beneficiaries of an ERISA plan. But whether defendant may or may not have standing to bring a hypothetical claim for benefits under ERISA based on those assigned rights is irrelevant. Here, the Court's inquiry is focused on whether *plaintiff's* claims fall within the scope of ERISA's civil enforcement scheme.

11

or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." The Fifth Circuit describes § 502(a)(3) as ERISA's "catchall" provision, as it creates a cause of action in equity for violations of ERISA not addressed by the other causes of actions permitted under the statute. *Manuel v. Turner Indus. Grp., L.L.C.*, 905 F.3d 859, 864-65 (5th Cir. 2018).

The Supreme Court in *Sereboff v. Mid Atl. Med. Servs., Inc.*, 547 U.S. 356, 361 (2006), stated that § 502(a)(3) authorizes "only those categories of relief that were typically available in equity." (quoting *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255-56 (1993)) (internal quotation marks omitted). Section 502(a)(3) does not permit claims that seek "nothing other than compensatory damages." *Id.* The *Sereboff* Court found that a plaintiff may bring a claim for "equitable restitution," *i.e.*, claims in which a plaintiff seeks "to impose a constructive trust or equitable lien on *particular funds or property in the defendant's possession*[,]" under § 502(a)(3). *Id.* (emphasis added) (internal quotation marks omitted). But when a plaintiff seeks to recover from a defendant's "assets generally," the claim is not equitable, but legal in nature. *Id.*; *see also Coan v. Kaufman*, 457 F.3d 250, 263 (2d Cir. 2006) ("[T]he [Supreme] Court [in *Sereboff*] reaffirmed the holding of

12

*Knudson* that money damages are unavailable under section 502(a)(3) when the plaintiff does 'not seek to recover a particular fund from the defendant.'").

In *United Healthcare Servs., Inc. v. Sanctuary Surgical Ctr.*, 5 F. Supp. 3d 1350 (S.D. Fla. 2014), the plaintiffs—insurance providers and plan administrators—sought to recover fraudulently induced overpayments from medical service providers. The defendants moved to dismiss, arguing that the claims were preempted by ERISA. But, following *Sereboff*, the court found that the plaintiffs' claims fell outside the scope of ERISA § 502(a)(3) because they did "not seek to recover against a particular fund in possession of the defendants . . . ." *Id.* at 1160. The *Sanctuary Surgical* court ultimately held that ERISA did not completely preempt the plaintiffs' claims. *Id.* at 1161.

Here, plaintiff seeks damages in the amount of $226,562.62, which it contends make up the unpaid balance of overpayments to Dr. Gupta.[23]

---

[23] R. Doc. 1-1 at 8, ¶ 42. Although plaintiff also states in its complaint that it seeks declaratory relief and "all other equitable relief to which BCBSLA is entitled, whether pled or not," the Court finds that the relief plaintiff seeks—monetary compensation—is legal in nature. *Id.*; *see also Cent. States, Se. & Sw. Areas Health & Welfare Fund ex rel. Bunte v. Health Special Risk, Inc.*, 756 F.3d 356, 361 (5th Cir. 2014) ("Simply framing a claim as equitable relief is insufficient to escape a determination that the relief sought is legal."); *see also Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002) ("Almost invariably . . . suits seeking (whether by

BCBSLA's complaint does not seek a constructive trust or an equitable lien on particular funds. Rather, it seeks to recover from Dr. Gupta's assets generally. Thus, the Court finds that plaintiff's claims are not equitable in nature, and are outside the scope of ERISA § 502(a)(3).

In sum, the Court finds that neither ERISA § 502(a)(1), nor § 502(a)(3), completely preempts plaintiff's claims. The Court finds that defendant has failed to show that the Court has removal jurisdiction over this matter based on ERISA complete preemption.

### B.  FEHBA Preemption

FEHBA, like ERISA, contains a preemption provision. *See* 5 U.S.C. § 8902(m)(1). In *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 697 (2006), the Supreme Court considered whether FEHBA's preemption provision conferred jurisdiction on the federal district courts for

---

judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages,' as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty." (citation omitted)); *Coan*, 457 F.3d at 264 (holding that ERISA § 502(a)(3) did not provide a remedy when "the alternative relief [plaintiff sought]," an injunction requiring defendants to restore funds to a defunct plan, "does not transform what is effectively a money damages request into equitable relief" (citation omitted)).

"contract-based reimbursement claims." The Court found that, even if FEHBA's preemption provision applied to the plaintiff's claims, "that provision is not sufficiently broad to confer federal jurisdiction." *Id.* at 698. The Court noted that, "if Congress intends a preemption instruction completely to displace ordinarily applicable state law, and to confer federal jurisdiction thereby, it may be expected to make that atypical intention clear." *Id.* But, regarding FEHBA, the Court held that "Congress has not done so . . . ." *Id.*

Following *Empire Healthchoice*, the First and Fourth Circuits have held that FEHBA does not confer removal jurisdiction because the statute does not completely preempt state law. *Lopez-Munoz v. Triple-S Salud, Inc.*, 754 F.3d 1, 8 (1st Cir. 2014); *Pollitt v. Health Care Serv. Corp.*, 558 F.3d 615, 616 (7th Cir. 2009). Consistent with this authority, including binding Supreme Court precedent, the Court finds that FEHBA does not create removal jurisdiction over this matter.

### C. Federal Officer Removal

In opposition to the motion to remand, Dr. Gupta argues that federal officer removal jurisdiction under 28 U.S.C. § 1442(a)(1) exists in this case. To remove an action under § 1442(a), a defendant must show:

> (1) it has asserted a colorable federal defense, (2) it is a 'person' within the meaning of the statute, (3) that has acted pursuant to

15

a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions.

*Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020). Defendant argues that, if FEHBA-governed benefit plans are at issue in this case, *plaintiff* was likely acting pursuant to a federal officer's directions.[24] But the federal officer removal statute is concerned with whether the *defendant*, here Dr. Gupta, was acting under a federal officer's directives. Defendant makes no showing to that effect. Thus, the Court finds that Dr. Gupta has failed to show that removal jurisdiction exists under § 1442(a).

### D. Motion for Jurisdictional Discovery

Finally, defendant requests leave to conduct jurisdictional discovery.[25] Specifically, Dr. Gupta seeks information from plaintiff as to whether the claims on which it seeks recoupment were initially made under benefit plans covered by ERISA or FEHBA. The Court "has broad discretion in all discovery matters." *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982). Jurisdictional discovery may be warranted when "the issue of subject matter jurisdiction turns on a disputed fact." *In re MPF Holdings US LLC*, 701 F.3d 449, 457 (5th Cir. 2012) (citing *In re Eckstein Marine Serv. L.L.C.*, 672 F.3d

---

[24] R. Doc. 10 at 14.
[25] R. Doc. 12.

16

310, 319-20 (5th Cir. 2012)). "The party seeking discovery bears the burden of showing its necessity." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009).

Defendant has failed to show that jurisdictional discovery is necessary. Even assuming that BCBSLA originally paid Dr. Gupta pursuant to an ERISA or FEHBA plan, that would not change the Court's conclusion that plaintiff is not a "beneficiary" or "participant" for the purposes of ERISA § 502(a)(1)(B), or that the relief sought is legal in nature for the purposes of ERISA § 502(a)(3). Nor would it change the Court's conclusion that FEHBA does not confer removal jurisdiction, or that the federal officer removal statute is not satisfied. Accordingly, the Court denies defendant's motion for jurisdictional discovery.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand. The Court DENIES defendant's motion for leave to conduct jurisdictional discovery.

New Orleans, Louisiana, this __30th__ day of June, 2021.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE